IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL NO. 3:15-CV-606-MOC-DSC

| | |
|---|---|
| LORRAINE LEWIS TRUSTEE, ) <br> ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ARCHIE SMITH III, et. al., ) <br> ) <br> Defendants, ) <br> _____) | **MEMORANDUM AND RECOMMENDATION AND ORDER** |

**THIS MATTER** is before the Court on Defendants "Branch Banking and Trust Company and Kelly S. King's Motion to Dismiss" (document #12), Defendants Jeff D. Rogers and Smith, Debnam, Narron, Drake, Saintsing and Myers' "Defendant Attorneys' Motion to Dismiss" (document #15), and the parties' associated briefs and exhibits.

This matter was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1), and this Motion is now ripe for the Court's consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that Defendants' Motions to Dismiss be granted, as discussed below.

**I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

This lawsuit is similar to numerous others filed in this Court purporting to appeal a foreclosure order entered in state court. This case is unique in that other than proclaiming herself a "trustee", Plaintiff offers no explanation of her relationship to the foreclosure proceeding alleged

1

in her nearly incomprehensible Complaint.  Giving Plaintiff every benefit of the latitude extended to the inartful pleading of pro se litigants, she appears to allege that the underlying debt was satisfied prior to entry of the foreclosure order.

Taking judicial notice of public records referenced in the Complaint and attached to Defendants' Motions and briefs, Walter Reinhardt was the owner of real property in Durham County, North Carolina (the "Property") when he executed a deed of trust, granting a security interest in the Property to secure a promissory note.  Defendant Branch Banking and Trust Company ("BB&T") was the owner and holder of the note.  BB&T instituted a foreclosure proceeding in Durham County Superior Court by Defendant Jeff Rogers as substitute trustee.

Defendant Archie Smith, III, the Durham County Clerk of Superior Court, held a hearing on December 1, 2015.  The Foreclosure Order entered by Smith states that proper service of the Notice of Foreclosure Hearing was made but the debtor did not appear.   The Clerk further found that:

> Walter R. Reinhardt executed a Note dated March 23, 1999. The debt evidenced by the Note is secured by the Deed of Trust and is a valid and enforceable debt. Branch Banking and Trust Company is the holder of the Note and Deed of Trust. The debt evidenced by the Note is in default. The Deed of Trust contains a power of sale authorizing the Substitute Trustee, upon default, to foreclose the real property.

"Foreclosure Order," Exhibit A to "Memorandum of Law in Support of Defendant Attorneys' Motion to Dismiss" (document #16).

On December 11, 2015, Plaintiff filed her Complaint.

On January 25 and January 26, 2016, Defendants filed their respective Motions to Dismiss.

On January 26, 2016, the undersigned entered Orders advising Plaintiff of her right to respond to the Motions to Dismiss.  See documents ##14 and 17.

On February 4, 2016, Plaintiff filed her "Affidavit for Petition to Deny Motions and Grant Prayer for Relief/Process And Pro Confesso" (document #18). Plaintiff's submission does not explain her connection to the foreclosure or provide any basis for avoiding dismissal.

On February 11, 2016, Defendants waived their rights to file replies and their Motions to Dismiss are now ripe for disposition.

## II. DISCUSSION

In reviewing a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In Iqbal, the Supreme Court articulated a two-step process for determining whether a complaint meets this plausibility standard. First, the court identifies allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555) (allegation that government officials adopted challenged policy

3

"because of" its adverse effects on protected group was conclusory and not assumed to be true). Although the pleading requirements stated in "Rule 8 [of the Federal Rules of Civil Procedure] mark[] a notable and generous departure from the hyper-technical, code-pleading regime of a prior era ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678-79.

Second, to the extent there are well-pleaded factual allegations, the court should assume their truth and then determine whether they plausibly give rise to an entitlement to relief. Id. at 679. "Determining whether a complaint contains sufficient facts to state a plausible claim for relief "will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief,'" and therefore should be dismissed. Id. (quoting Fed. R. Civ. P. 8(a)(2)).

The Court is mindful of the latitude extended to the pleadings of pro se litigants. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (courts should "[c]onstru[e] [a pro se] petitioner's inartful pleading liberally"). However, courts cannot act as the pro se plaintiff's advocate or develop claims which the plaintiff failed to raise clearly on the face of her complaint. Gordon v. Leeke, 574 F.2d 1147, 1152 (4th Cir. 1978) (recognizing that district courts are not expected to assume the role of advocate for the pro se plaintiff). See also Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

Plaintiff's Complaint is barred by the Rooker-Feldman doctrine which prohibits actions

4

attacking state court judgments in federal court. This doctrine provides that "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based upon losing party's claim that the state judgment itself violates the losers ... rights." Johnson v. DeGrandy, 512 U.S. 997, 1005-06 (1994). See also District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983); Rooker v. Fidelity Trust Company, 263 U.S. 413, 416 (1923). Whether evaluated as an attack on the Foreclosure Order or the underlying foreclosure proceeding, the Rooker-Feldman doctrine bars Plaintiff's action.

## ORDER

**IT IS HEREBY ORDERED** that all further proceedings in this action, including <u>all</u> discovery, are **STAYED** pending the District Judge's ruling on this Memorandum and Recommendation and Order.

## RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that "Branch Banking and Trust Company and Kelly S. King's Motion to Dismiss" (document #12) and Defendants Jeff D. Rogers and Smith, Debnam, Narron, Drake, Saintsing and Myers' "Defendant Attorneys' Motion to Dismiss" (document #15) be **GRANTED** and the Complaint be **DISMISSED WITH PREJUDICE**.

## NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file

5

objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation and Order to the pro se Plaintiff; to defense counsel; and to the Honorable Max O. Cogburn, Jr.

**SO ORDERED AND RECOMMENDED.**

Signed: February 11, 2016

David S. Cayer
United States Magistrate Judge