UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:15-cv-00606-MOC-DSC

| | |
|---|---|
| **LORRAINE LEWIS,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | MEMORAND OF DECISION AND |
| ) | ORDER |
| ) | |
| **ARCHIE L. SMITH III** ) | |
| **SMITH, DEBNAM, NARRON, DRAKE,** ) | |
| **SAINTISING & MYSERS** ) | |
| **KELLY S. KING** ) | |
| **BRANCH BANKING & TRUST COMPANY** ) | |
| **JEFF D. ROGERS,** ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the court on review of a Memorandum and Recommendation issued in this matter. In the Memorandum and Recommendation, the magistrate judge advised the parties of the right to file objections within 14 days, all in accordance with 28, United States Code, Section 636(b)(1)(c). Objections have been filed within the time allowed.

The *Federal Magistrates Act of 1979,* as amended, provides that "a district court shall make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, *de novo* review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982). Similarly, *de novo*

1

review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. Moreover, the statute does not on its face require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby v. Davis, 718 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly the court has conducted a careful review of the magistrate judge's recommendation.

The court has given careful consideration to the *pro se* plaintiff's "Affidavit to Answer Magistrate Judge and to Move the Equity Court and Chancellor and Complaint" (#22), construed those arguments in a light most favorable to her, and considered that pleading to be her Objection to Judge Cayer's recommendation that the Complaint be dismissed in accordance with Rule 12(b)(6), Federal Rules of Civil Procedure. Careful review of that Objection has uncovered no substantive arguments of specific error as to any portion of the Memorandum and Recommendation. Rather, the Objections may best be described as general and conclusory. Finally, the court has fully considered the Complaint alongside the Motions to Dismiss and determined that Judge Cayer has correctly recommended that those motions be allowed and that the Complaint be dismissed in accordance with Rule 12(b)(6) as plaintiff has failed to state a viable claim and has impermissibly attempted to attack a state court judgment in federal court in violation of the Rooker-Feldman doctrine, which is further compounded by plaintiff failing to allege any facts, much less plausible ones, which would give this court any indication that she has standing to bring this action as no relationship between her and the property foreclosed

2

upon (in a county outside the Western District of North Carolina) was alleged.

After such careful review, the court determines that the recommendation of the magistrate judge is fully consistent with and supported by current law. Further, the factual background and recitation of issues is supported by the applicable pleadings. Based on such determinations, the court will fully affirm the Memorandum and Recommendation and grant relief in accordance therewith.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Memorandum and Recommendation (#21) is **AFFIRMED,** defendants' Motions to Dismiss (#12 & #15) are **GRANTED** and this action is **DISMISSED** with prejudice.

The Clerk of Court is instructed to enter a Judgment consistent with this Order.

Signed: March 1, 2016

Max O. Cogburn Jr
United States District Judge